# EXHIBIT 1

## **CONFIDENTIAL SETTLEMENT AND GENERAL RELEASE AGREEMENT**

THIS CONFIDENTIAL SETTLEMENT AND GENERAL RELEASE AGREEMENT (this "Agreement") is made and entered into by and between Robert St. John ("Plaintiff") and Nesco Resource, LLC f/k/a Nesco Service Co. ("Defendant").

WHEREAS Plaintiff has filed a lawsuit styled, *Robert St. John, individually and on behalf of all others similarly situated, v. Nesco Service Co., Nesco Resource, and Nesco, Inc.*, Civil Action No. 4:15-cv-00253, in the United States District Court for the Southern District of Texas, Houston Division (the "Lawsuit"), alleging a failure to pay overtime in accordance with the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, as amended ("FLSA");

WHEREAS Plaintiff agreed to dismiss Nesco, Inc. from the Lawsuit after Defendant argued that Nesco, Inc. did not actually employ Plaintiff;

WHEREAS Defendant has denied and continues to deny all claims in the Lawsuit and further has denied and continues to deny that it has any liability or obligation of a legal nature to Plaintiff with respect to his claims; and

WHEREAS Plaintiff and Defendant desire to compromise and settle, without any admission of liability or fault, the Lawsuit and all wage and hour claims which have been or could be asserted;

NOW, THEREFORE, for these reasons and in consideration of the representations, covenants and mutual promises set forth in this Agreement, Plaintiff and Defendant agree as follows.

**1. DEFINITIONS.**

(a) The term "Claims" means and includes any and all known or suspected causes of action, charges, indebtedness, losses, claims, grievances, liabilities and demands, whether arising in equity, under the common law, or under any contract or any federal, state or other governmental statute, ordinance, or regulation that could have been alleged by Plaintiff in the Lawsuit or on Plaintiff's behalf against any Released Party in any lawsuit or other proceeding as of the Effective Date of this Agreement, including any claims that are related to, arise from, or are attributed to Plaintiff's employment with any Released Party or the termination of such employment. This term includes any claims, whether known or unknown, suspected or unsuspected, of unpaid wages, overtime or other compensation that could have been alleged by Plaintiff in the Lawsuit. This term expressly includes without limitation any claims and rights arising under the FLSA and any other federal, state or local wage and hour laws.

(b) The term "Released Parties" means and includes Defendant and its predecessors, successors, affiliates, parents, subsidiaries and related entities, and each of the foregoing entities' respective current and former predecessors, successors, affiliates, parents, subsidiaries, partners, officers, directors, managers, members, third-party administrators, servants, representatives, agents, consultants, attorneys, employees, benefit plans (and the fiduciaries and trustees of such plans), assigns and insurers.

DocuSign Envelope ID: ED180F74-A81C-4ADC-B998-59C86633B7A5

(c) The term "Plaintiff" means and includes Robert St. John, and his spouse, heirs, executor, administrators, attorneys, beneficiaries, estate, representatives, successors, assigns and all others claiming under him or through him.

(d) Plaintiff and Defendant are individually referred to as a "Party" and collectively referred to as the "Parties."

(e) The term "Damages" means any and all damages and elements of relief or recovery of any nature, whether known or unknown, whether recognized by the law or equity of any jurisdiction and comprehensively includes, but is not limited to, actual, compensatory, consequential, incidental, indirect, special, liquidated, statutory, treble, multiple, exemplary or punitive damages resulting from any loss of unpaid wages, overtime pay or other compensation; attorneys' fees and costs; pre-judgment, post-judgment or other interest; all equitable relief; declaratory and/or injunctive relief; and expenses. The term "Damages" also includes all elements of recovery or relief Plaintiff has ever alleged, currently alleges or that might have been alleged pursuant to any Claim.

**2. PLAINTIFF'S RELEASE AND WAIVER OF ALL CLAIMS.**

(a) Plaintiff forever, fully and finally releases and discharges the Released Parties from, and waives, any and all Claims and Damages, whether or not raised in the Lawsuit (collectively, the "Released Claims").

(b) Plaintiff understands, acknowledges and expressly agrees that this waiver and release specifically includes any Claims and rights he may have against any of the Released Parties under the FLSA, and under any other law governing the payment of wages, arising on or prior to the Effective Date of this Agreement.

(c) Except to the extent prohibited by law, Plaintiff agrees not to bring or cause to be brought, waives, and represents and warrants that, except for the Lawsuit, he has not filed any Claims covered by the release in Section 2(a) against any Released Party with any governmental agency, with any arbitrator, or in any state, federal or other court.

**3. BONA FIDE DISPUTE.** The Parties acknowledge and agree that this Agreement fully and finally resolves a bona fide dispute between them, including about the number of hours worked, whether Plaintiff is due additional compensation under the FLSA and, if so, the amount due. Plaintiff expressly represents, acknowledges and agrees that he has been fully advised by an attorney of his choosing as to his rights under the FLSA with respect to his disputed claims, and that the waiver and release of rights under the FLSA hereunder is enforceable in these circumstances, that he has been advised by his counsel that such waiver and release of rights is final, and that the payment offered and provided hereunder is a fair, equitable and enforceable resolution of all Claims arising out of or relating to the FLSA or any state or local wage and hour law.

**4. NO ADMISSION OF LIABILITY.** Plaintiff acknowledges, by entering into this Agreement, that Defendant does not admit any unlawful or tortious conduct or any other wrongdoing in connection with Plaintiff or the Lawsuit, and that Defendant has entered into this Agreement for the sole purpose of avoiding further disruption, cost and expense associated with

the Lawsuit and Plaintiff's claims. Plaintiff further agrees that neither this Agreement nor any action or act taken in connection with or pursuant to this Agreement will constitute an admission or any evidence of unlawful or tortious conduct or wrongdoing on the part of Defendant or any other Released Party. Defendant specifically denies that it, its employees and/or agents or any other Released Party committed any unlawful, tortious or improper acts against Plaintiff at any time.

5.   **SETTLEMENT AMOUNT AND REASONABLE ATTORNEY'S FEES.**

(a)   In reliance on and in consideration of Plaintiff's releases, representations, warranties and covenants set forth in this Agreement, Defendant will pay Plaintiff the total sum of ▮▮▮▮▮▮ less applicable taxes as specified herein (the "Settlement Payment"). Defendant will issue two checks as follows:

(i)   A check payable to Robert St. John for ▮▮▮▮▮▮ less deductions for applicable taxes and withholdings, representing unpaid overtime wages and which will be reported on an IRS Form W-2; and

(ii)   A check payable to Robert St. John for ▮▮▮▮▮▮ representing liquidated damages and which will be reported on an IRS Form 1099.

(b)   Plaintiff acknowledges and agrees that this Agreement, and Plaintiff's entitlement to the Settlement Payment, is conditioned upon Plaintiff's entry into this Agreement and the final dismissal of the Lawsuit with prejudice, in its entirety.

(c)   Defendant acknowledges and agrees that in addition to the Settlement Payment, Defendant will pay Plaintiff's counsel an amount for reasonable attorney's fees and costs with respect to the Lawsuit, which amount shall either be agreed to between Plaintiff's Counsel and Defendant or determined by the Court, subject to any appeals of such determination by either Plaintiff's Counsel or Defendant.

(d)   Within three (3) business days following the Effective Date, the Parties shall file the Joint Motion for Order Approving Settlement and Entry of Final Judgment Dismissing Lawsuit with Prejudice that is attached as Exhibit A. The Parties acknowledge and agree that Defendant shall have no obligations to make the Settlement Payment, and this Agreement shall be null and void *ab initio*, if: (i) the Court does not grant the Parties' Joint Motion for Order Approving Settlement Agreement; and (ii) the Lawsuit is not dismissed with prejudice in its entirety as contemplated herein.

(e)   Defendant shall provide the Settlement Payment, care of Plaintiff's counsel, on or before the date that is ten (10) business days after the Court has granted the Parties' Joint Motion for Order Approving Settlement Agreement and dismissed the Lawsuit with prejudice and in its entirety.

(f)   Plaintiff shall be solely responsible for all taxes owed by Plaintiff with respect to the payments set forth in Sections 5(a) and 5(c) and expressly promises and agrees to satisfy all such obligations and to cause such obligations to be satisfied and to indemnify and hold harmless Defendant and the other Released Parties for any failure to do so. Plaintiff agrees that Defendant

has not made any representations to him regarding the tax liabilities or consequences of any amounts received by him pursuant to this Agreement. Plaintiff understands and agrees that he should seek independent advice with regard to such matters from professional tax advisors of his choosing.

(g) Except as expressly stated herein, each Party shall bear its own costs, expenses and attorneys' fees attendant to the negotiation of and entry into this Agreement and the resolution of all disputes that existed on or prior to the Effective Date between the Parties.

6. **CONFIDENTIALITY.** Plaintiff agrees that the fact and amount of the Settlement Payment and other terms of this Agreement and any related documents, papers and writings shall be confidential and shall not be disclosed to the media or to any other third party, specifically including but not limited to any current or former employee, partner or principal of Defendant or any other Released Party, except to Plaintiff's attorneys, tax advisors, investment advisors, spouse, or as may be required under subpoena power or court order, or as otherwise required by law. Plaintiff further agrees that, before disclosing the amount of the Settlement Payment or any other information deemed confidential by this paragraph to any of the excepted individuals identified above, he will obtain his or her commitment to abide by this confidentiality provision set forth in this Section 6. If Plaintiff is asked about the resolution of the Lawsuit by any person (other than those set out in this paragraph), he will respond with the phrase, "The matter is resolved" or words substantially similar. Plaintiff understands that his agreement to, and compliance with, this provision was a material inducement to Defendant to enter into this Agreement and that any violation thereof would be a material violation but also one for which the resulting damages would be difficult to calculate.

7. **NON-DISPARAGEMENT.** Plaintiff agrees that he will not directly or indirectly do, say, write, authorize, or otherwise create or publish any statement or writing that in any way disparages Defendant or any other Released Party, including making any statements to any person or entities about the Lawsuit or about any contentions or allegations in the Lawsuit. Plaintiff understands that his agreement to, and compliance with, this provision is a material inducement to Defendant to enter into this Agreement and that any violation of this provision would be a material violation of this Agreement. Defendant agrees to instruct its executive officers and the Director of Human Resources not to directly or indirectly do, say, write, authorize, or otherwise create or publish any statement or writing that in any way disparages Plaintiff, including making any statements to any person or entities about the Lawsuit or about any contentions or allegations in the Lawsuit.

8. **ACCORD AND SATISFACTION.** It is agreed and understood by the Parties that the consideration recited in this Agreement is accepted by Plaintiff in full accord and satisfaction of all Damages which Plaintiff alleges were caused by Defendant or any other Released Party. Plaintiff further acknowledges and agrees that he understands this to be a full, final and complete settlement and one which cannot be reopened at any time.

9. **WAIVER.** One or more waivers of a breach of any covenant, term, or provision of this Agreement by any Party shall not be construed as a waiver of a subsequent breach of, or relinquishment of rights under, the same covenant, term or provision, nor shall it be considered a

waiver of any other then existing, preceding, or subsequent breach of, or relinquishment of rights under, a different covenant, term, or provision.

**10. SEVERABILITY.** Any term or provision of this Agreement that renders such term or provision or any other term or provision hereof invalid or unenforceable in any respect shall be modified to the extent necessary to avoid rendering such term or provision invalid or unenforceable, including by severance, and such modification shall be accomplished in the manner that most nearly preserves the benefit of the Parties' bargain hereunder. The only exception is that Defendant's obligation to make, and Plaintiff's entitlement to, the Settlement Payment described in Section 5(a) is dependent upon the validity and enforceability of Plaintiff's agreement to the release of Claims provisions in Section 2 and the other conditions set forth in Section 5 (other than Section 5(a)).

**11. PLAINTIFF'S FURTHER ACKNOWLEDGMENTS AND REPRESENTATIONS.** By executing and delivering this Agreement, Plaintiff acknowledges and expressly represents that:

(a) He has carefully read this Agreement;

(b) He has had sufficient opportunity to review and consider this Agreement before the execution and delivery hereof to Defendant;

(c) He fully understands the final and binding effect of this Agreement; the only promises made to him to sign this Agreement are those stated herein; and he is signing this Agreement voluntarily, knowingly and of his own free will, and that he understands and agrees to each of the terms of this Agreement;

(d) He is legally competent and authorized to execute and carry out the terms of this Agreement;

(e) He is the sole legal owner of all right, title and interest in and to all Claims which he has and/or may have asserted against Defendant and any other Related Party;

(f) He has full right and authority to execute this Agreement and bind to the Agreement his spouse, heirs, administrators, attorneys, representatives, executors, successors and assigns and any other person or entity within the "Plaintiff" definition set forth above; and

(g) He has not assigned, pledged, or otherwise in any manner, sold or transferred, or purported to assign or transfer, either by instrument in writing or otherwise, to any person or entity, any right, title, interest in any Claim, or any portion thereof, which he has and/or may have against Defendant or any other Released Party, except to Plaintiff's counsel.

**12. STATEMENT OF UNDERSTANDING.** By executing this Agreement, Plaintiff acknowledges that (a) Plaintiff has been advised to consult with an attorney prior to executing this Agreement; (b) Plaintiff has consulted with, and has had sufficient opportunity to consult with, an attorney of Plaintiff's own choosing regarding the terms of this Agreement; (c) Plaintiff has had a reasonable period of time within which to consider the terms of the Agreement; (d) any and all questions regarding the terms of this Agreement have been asked and answered to

DocuSign Envelope ID: ED180F74-A81C-4ADC-B998-59C86633B7A5

Plaintiff's satisfaction; (e) Plaintiff has read this Agreement and fully understands its terms and their import; and (f) Plaintiff has entered into this Agreement voluntarily, of his own free will, and without any coercion, undue influence, threat or intimidation of any kind or type whatsoever.

**13. ENTIRE AGREEMENT.** This Agreement contains the entire agreement between the Parties regarding the subject matters herein. The terms of this Agreement are contractual and not mere recitals. No term, provision or condition of this Agreement may be modified in any respect except by a writing executed by Plaintiff and Defendant. No person has made any representations or promises, written or oral, on behalf of any of the Parties that are not set forth in this Agreement. This Agreement has not been executed in reliance upon any representation or promise except those contained herein.

**14. GOVERNING LAW.** This Agreement is performable in the State of Texas and shall be governed and construed according to the laws of the State of Texas without reference to principles of conflicts of laws, except where preempted by federal law.

**15. SUCCESSORS AND ASSIGNS.** This Agreement shall be binding upon all Parties, including but not limited to, their respective heirs, administrators, attorneys, representatives, executors, successors and assigns, and shall inure to their benefit. Each person and entity within the definition of "Released Parties" that is not a signatory hereto shall be a third-party beneficiary of Plaintiff's promises and obligations hereunder.

**16. COUNTERPARTS.** This Agreement may be executed in multiple originals and/or counterparts, each of which shall be deemed an original for all purposes, but all such counterparts together shall constitute one and the same instrument. This Agreement may be executed and transmitted by facsimile or email attachment, and any such signatures shall be treated as an original.

**17. CONSTRUCTION.** This Agreement shall be deemed drafted equally by the Parties. The language of all parts of this Agreement shall in all cases be construed as a whole, according to its fair meaning, and not strictly for or against any Party. As used in this Agreement, the singular or plural number shall be deemed to include the other whenever the context so indicates or requires. The terms of this Agreement are contractual and are not mere recitals. Headings in this Agreement are for the Parties' convenience and are not intended to be used for construction.

**18. EFFECTIVE DATE.** The effective date of the Agreement (the "Effective Date") shall be the date upon which the final signature on the signature page that follows has been obtained such that Defendant and Plaintiff have all executed this Agreement as of such date.

*[Signature page follows.]*

IN WITNESS WHEREOF, the Parties have caused this Agreement to be executed by them or their duly authorized agents.

**ROBERT ST. JOHN**

*/s/ Robert St. John*
—987E061A4FE445F...
Robert St. John

Date: 9/28/2016

**NESCO RESOURCE, LLC (f/k/a NESCO SERVICE CO.)**

By: *[signature]*
Name: John Tomsich
Title: President
Date: 10/15/16

## Exhibit A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| ROBERT ST. JOHN, | § | |
| | § | |
| | § | Docket No. 4:15-cv-00253 |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| NESCO SERVICE CO., NESCO | § | |
| RESOURCE, and NESCO, INC. | § | |
| | § | |
| Defendants. | § | |

### JOINT MOTION FOR ORDER APPROVING
### SETTLEMENT AND ENTRY OF FINAL
### JUDGMENT DISMISSING LAWSUIT WITH PREJUDICE

Plaintiff Robert St. John and Defendants Nesco Service Co., Nesco Resource LLC, and Nesco, Inc. (collectively, the "Parties") jointly move for approval of the settlement reached between Plaintiff and Defendants (the "Settlement"). The Parties further jointly move the Court for entry of final judgment dismissing this action in its entirety with prejudice. In furtherance of this motion, the Parties jointly state:

1. Plaintiff has alleged that Defendants violated the Fair Labor Standards Act, 29 U.S.C. § 201 et. seq., as amended ("FLSA"), by purportedly denying him certain overtime payment due and failing to maintain certain records of hours worked and wages paid. Plaintiff agreed to dismiss Nesco, Inc. from the lawsuit after Defendants argued that Nesco, Inc. did not actually employ Plaintiff [D.E. 50]. Defendants have denied, and continue to deny, Plaintiff's claims and assert that Plaintiff is not owed additional pay.

2.  To avoid further litigation costs, Defendants and Plaintiff have agreed to settle the claims in this lawsuit. Defendants and Plaintiff have entered into the Settlement, which will take effect following the Court's approval and dismissal of the case with prejudice. All Parties are represented by counsel and the Parties engaged in arm's-length negotiations following the exchange of key facts regarding Plaintiff's claims and Defendants' defenses.

3.  A bona fide dispute exists between the Parties. Specifically, the Parties dispute whether Plaintiff was entitled to overtime pay, the amount to which he could have been entitled, if any, and whether Plaintiff was subject to the administrative exemption to the FLSA.

4.  Plaintiff recognizes and acknowledges the expense and length of continued proceedings necessary to prosecute the above-styled case through trial and through appeals. Plaintiff and Plaintiff's counsel also have taken into account the uncertain outcome and the risk of any litigation, as well as the difficulties and delays inherent in such litigation. Defendants also conclude that further conduct of the above-styled case would be time-consuming and expensive and have taken into account the uncertainty and risks inherent in any litigation, and that it is desirable and beneficial that Plaintiff's claims be fully and finally settled in the manner and upon the terms and conditions set forth in the Settlement.

5.  The Parties agree that the terms of the Settlement are fair and equitable and were negotiated with all Parties being fairly and fully represented by counsel of their choosing. The settlement amount takes into account the number of overtime hours claimed by Plaintiff, the amount of unpaid overtime to which Plaintiff alleges he is entitled as well as the risk that Plaintiff would not recover any of those sums, given Defendants' defenses.

6. The Settlement does not include an amount for Plaintiff's counsel's reasonable attorneys' fees and costs. Plaintiff's Counsel are to file a Fee Petition and Defendants will file a response pursuant to the Court's Minute Entry dated August 5, 2016.

7. Because the proposed Settlement agreed to by the Parties is a fair and equitable compromise of a bona fide dispute, Defendants and Plaintiff request that the Court approve the Settlement and enter a final judgment dismissing the case, in its entirety, with prejudice. An Agreed Order and Final Judgment, approved by the Parties, is submitted with this Motion as Exhibit 1.

DocuSign Envelope ID: ED180F74-A81C-4ADC-B998-59C86633B7A5

Respectfully submitted,

*/s/ James Jones*

JAMES JONES
State Bar No. 10908300
Federal ID 90
REX BURCH
State Bar No. _____
Federal ID _____
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
Telephone: (713) 877-8788
Facsimile: (713) 877-8065
*jjones@brucknerburch.com*
*rburch@brucknerburch.com*

ATTORNEYS FOR PLAINTIFF

*/s/ Christopher V. Bacon*

CHRISTOPHER V. BACON
Attorney in Charge
State Bar No. 01493980
Federal ID 12670
S. GRACE HO
State Bar No. 24074417
Federal ID 1143266
VINSON & ELKINS L.L.P.
1001 Fannin Street, Suite 2500
Houston, Texas 77002
Telephone: (713) 758-1148
Facsimile: (713) 615-5014
*cbacon@velaw.com*
*gho@velaw.com*

ATTORNEYS FOR DEFENDANTS

**EXHIBIT 1**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| ROBERT ST. JOHN, § § § Plaintiff, § § v. § § NESCO SERVICE CO., NESCO § RESOURCE, and NESCO, INC. § § Defendants. § | Docket No. 4:15-cv-00253 |

## ORDER APPROVING SETTLEMENT AND ENTRY OF FINAL JUDGMENT DISMISSING LAWSUIT WITH PREJUDICE

Pending before this Court is the Parties' Joint Motion for Order Approving Settlement and Entry of Final Judgment Dismissing Lawsuit with Prejudice. Having considered the Parties' Joint Motion, and having found that the Parties' settlement is fair and equitable, the Court determines that the Parties' Joint Motion should be GRANTED in all respects. Therefore, the Court ORDERS that the Parties' settlement is approved and that this action is dismissed in its entirety, with prejudice.

Signed on _____.

_____
HON. ALFRED H. BENNETT
UNITED STATES DISTRICT JUDGE

1

US 4547911